IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Khammesherma Smith, ) | C/A No. 3:22-cv-02136-HMH-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Elaine Cooke, ) | |
| ) | |
| Defendant. ) | |

   The plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

   The plaintiff's complaint was entered on the docket on July 5, 2022 (doc. 1). By order filed July 14, 2022, the plaintiff was given a specific time frame in which to bring his case into proper form for judicial screening (doc. 9). The plaintiff complied with the court's order, and the case is now in proper form for judicial screening. However, upon review of the plaintiff's complaint, the undersigned recommends it be dismissed.

## **ALLEGATIONS**

   The plaintiff, a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at Kershaw Correctional Institution ("Kershaw"), brings this action seeking damages from the defendant, a public defender appointed to represent him (doc. 1). The plaintiff alleges violations of his right to an attorney and his Fourteenth Amendment Rights (*id*. at 3). The plaintiff alleges that the defendant had a legal obligation to represent him and respond to his letters, but she has failed to represent him

appropriately (*id*. at 5). For relief, the plaintiff seeks to have the defendant disbarred from the practice of law and for money damages (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c)), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).

2

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendant. However, the plaintiff's complaint is subject to summary dismissal.

The defendant in this action, Elaine Cooke, Esquire, is subject to summary dismissal because Ms. Cooke does not act under color of state law. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky*, 566 U.S. 377, 383 (2012). To determine whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–43 (4th Cir. 2000). However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).

The law is well-established that appointed defense counsel, such as Ms. Cooke, is not a state actor for purposes of § 1983 claims because the public defender acts not on behalf of the state; rather, the public defender "is the State's adversary." *Polk Cnty. v. Dodson*, 454 U.S. 312, 323 n.13 (1981); *see Mahaffey v. Sumter Cnty. Pub. Defender's Corp.*, C/A No. 3:06-3557-SB, 2007 WL 3001675, at *4 (D.S.C. Oct. 9, 2007) ("[T]he Sumter County Public Defender's Corp. did not act under color of state law and is entitled to summary dismissal."); *see also Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (finding no state action under § 1983, even where the plaintiff's attorney was court-appointed). While "public defenders are not immune from § 1983 liability when they

conspire with state officials to deprive their client of federal rights" (*Figueroa v. Clark*, 810 F. Supp. 613, 616 (E.D. Pa. 1992)*; see Tower v. Glover*, 467 U.S. 914 (1984)), the plaintiff's complaint – alleging that Ms. Cooke did not respond to all of his letters and has not represented him "appropriately" – does not plausibly allege a conspiracy between Ms. Cooke and the state.  As referenced above, the employment relationship between a public defender and the state is insufficient to establish that a public defender acts under color of state law for purposes of § 1983.  Accordingly, the plaintiff's complaint fails to state a claim for relief against Ms. Cooke and she is subject to summary dismissal.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint.  *See Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020) (citing *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619 (4th Cir. 2015)*; In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015); *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005); *Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Com. Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993)).  Thus, the undersigned recommends that the court decline to automatically give the plaintiff leave to amend his complaint.  Accordingly, based upon the foregoing, the Court recommends that the District Court dismiss this action without prejudice and without issuance and service of process. It is further recommended that this action be designated as a "strike" pursuant to 28 U.S.C. § 1915(g).  **The attention of the parties is directed to the important notice on the following page**.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

August 9, 2022
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).